## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

    v.

Grinnell Brake Mfg., Inc.

Case No. 87M428

Henrico County

    v.

Dixie Mfg., Inc.

Case No. 87M429

January 19, 1988

By JUDGE JAMES E. KULP

These cases were consolidated for trial and arise from an allegation by the County that the defendants are required to obtain a wholesale merchant's license. Both parties were given the opportunity to file a memorandum of law and each has decided to rest upon the memorandum filed in the General District court. The matter is now ripe for decision.

### FACTS

From the testimony and exhibits, the Court finds the facts as follows.

The defendants Grinnell Brake Mfg., Inc., and Dixie Mfg., Inc., are wholly owned subsidiaries of Grinnell

Stamping, which has its principle place of business in Detroit, Michigan. Grinnell Brake Mfg., Inc., operates out of Walkerton, Virginia, where it takes steel plates and combines it with friction material to make disk pads. The process requires the bonding and riveting of the friction material to the steel plate. Dixie Mfg., Inc., operates out of Goldsboro, North Carolina, where it conducts an operation similar to Grinnell Brake, except it makes brake shoes.

The defendants operate an office at 2240 Dabney Road which is located in Henrico County. This office maintains all accounting records and performs administrative functions for the parent company and its subsidiaries, including the defendants. This office has a credit manager who does credit checks on customers.

Business for the companies is solicited by independent commission merchants. Sales are generally made to warehouse distributors although some sale are to large retailers, such as Advance Stores. All products are shipped from Walkerton, Virginia, or Goldsboro, North Carolina, directly to the customers. None of the products come into Henrico County. The customers make their payments to the parent company in Detroit, Michigan.

The independent commission merchants generally place their orders directly to the plants in Walkerton or Goldsboro, but customers may, either by mail or telephone, place orders with the Henrico office. Such orders are placed in a computer and sent to the plants in Walkerton or Goldsboro.

No goods are received or warehoused in Henrico County and the office in Henrico is not open to the public.

*LAW*

Two issues are before the Court. First, are defendants manufacturers, and thus entitled to an exemption, and second, are defendants wholesale merchants as defined in § 12-128 of the Henrico Code.

A. *Manufacturers*

Pursuant to the provisions of § 58.1-3703(B), counties are prohibited from levying any license tax:

4. on a manufacturer for the privilege of manufacturing and selling goods, wares and merchandise at wholesale at the place of manufacture.

In *Solite Corp. v. King George County*, 220 Va. 661 (1980), the Virginia Supreme Court examined in detail what constitutes manufacturing. The Court adopted the definition used by the United States Supreme Court in *Anheuser-Busch Brewing Association v. United States*, 207 U.S. 556, 562 (1908): "Manufacture implies a change, but every change is not manufacture, and every change in an article is the result of treatment, labor and manipulation. But something more is necessary. . . . There must be transformation; a new and different article must emerge, 'having a distinctive name, character or use'."

The Virginia Supreme Court concluded "that unless the processing transforms the new material into an article or a product of substantially different character, it cannot be considered to be manufacturing even though the processing increases the value or usefulness of the product." 220 Va. at 663.

In applying the definition of manufacturing to concrete factual circumstances, the Virginia Supreme court held in *Solite* that the process of extracting, crushing, washing, screening, grading and blending of sand and gravel did not constitute manufacturing. The Court noted that after the processing, the sand was still sand, and the rock was still rock. Similarly, in *Richmond v. Dairy Co.*, 156 Va. 63 (1931), the Court held that the pasteurization of milk and cream was not manufacturing, and in *Prentice v. City of Richmond*, 197 Va. 724 (1956), the Court held the processing of poultry did not constitute manufacturing because "[t]here is no change or transformation of the live poultry into an article or product of substantially different character." 197 Va. at 731. To the contrary, the Court held in *Commonwealth v. Meyer*, 180 Va. 466 (1942), that meat packers engaged in the processing of hogs into cured hams, shoulders, and bacon were manufacturers. The Court reasoned that a "hog on hoof put through plaintiffs' packing plant is no longer a hog." 180 Va. at 473.

Applying these decisions to the facts in this case, the Court holds that defendants are not manufacturers. While defendants combine steel and friction material into disk pads and brake shoes, nevertheless after this process the steel remains steel and the friction material is still friction material.

Furthermore, the Court would observe that even if defendants were manufacturers, they would not be entitled to the exemption under § 58.1-3703(B)(4). This exemption applies to sales at the place of manufacture. The evidence is clear in this case that the processing of brake shoes and disk pads does not occur in Henrico, but in Goldsboro, North Carolina, and Walkerton, Virginia, respectively.

B. *Wholesale Merchants*

The County asserts that the defendants' office in Henrico is that of a wholesale merchant, and, as such, is required to purchase a license for the privilege of doing business in the County. *See* § 12-126 of the County Code.

County Code § 12-126 provides:

> Every person engaged in the business of a whole-sale merchant shall obtain a license for the privilege of doing business in the County and shall pay a license tax therefor to be measured by the amount of purchases made by him during the next preceding license year.

Section 12-128(a) defines the word "purchases" to include "all goods, wares and merchandise *received for sale at each definite place of business of every wholesale merchant. . . .*" (Emphasis added). Subsection (b) defines "wholesale merchant" as meaning "every merchant who sells to other persons for resale only or who sells at wholesale to institutional, commercial or industrial users."

Upon the evidence in this case, the Court finds that the defendants' office in Henrico is not that of a wholesale merchant, and accordingly, they do not have to purchase a license under § 12-126 of the County Code.

As previously stated, the County Code defines "purchases" to include all goods, wares and merchandise received

for sale at each definite place of business. The evidence is uncontradicted that no goods, wares or merchandise are received at the defendants' Henrico office for resale or any other purpose. This being true, there is nothing upon which a license tax can be measured as required by § 12-127.

The Court is of the opinion that the County's reliance upon *Great A. & P. Tea Co. v. Richmond*, 183 Va. 931 (1945), is misplaced. There the Company operated 21 retail grocery stores in the City of Richmond as well as two warehouses. These warehouses received and stored merchandise shipped to the Company. This merchandise was then delivered from the warehouse to the Company's retail stores upon orders from the managers of those stores. No such circumstance exists in this case.

Additionally, the Court in *Great A. & P. Tea Co.* upheld a tax on merchandise that did not physically pass through the Richmond warehouses, upon a finding that the merchandise was "distributed, allotted or apportioned through or by means of the Richmond office." No similar circumstances exist in this case. At most, the defendants' Henrico office may forward customer orders to the plants in Walkerton, Virginia, or Goldsboro, North Carolina. This conduct is so minimal that the Court finds it insufficient to establish that merchandise was distributed, allotted or apportioned through or by the Henrico office.

For the foregoing reasons, the Court finds that defendants are not required to purchase a wholesale merchant's license under § 12-126 of the County Code.